The litigation in this matter has been protracted, and to a certain extent may be characterized as desultory. It began with a bill by appellant Ryan for a receivership of the company under the inherent equity powers of the court of chancery. The bill was filed February 27th, 1936. There was an order to show cause looking toward the appointment of a *Page 239 
"trustee or trustees." We cannot find that any receiver or trustee was ever appointed pursuant to the bill. But in June, 1936, the then commissioner of banking and insurance intervened with a petition based on chapter 3 of the laws of 1934 (P.L.p. 18) setting up facts to bring the case within the statute, and praying the appointment of himself as such commissioner, as trustee to administer the assets of the corporation. This petition, though filed on June 10th, 1936, was not sworn to until September 24th, and an amended petition followed on October 2d. No order on either petition was made until March 2d 1937, when the court adjudged the petition sufficient and directed all parties to show cause at a later date, and directing the commissioner to carry on in the interim without interference. The matter dragged along with continuances, supplemental petitions, and orders to show cause, until on December 31st, 1937, the commissioner presented a further petition, alleging impossibility of putting the corporation back on its feet, and praying an order to close out its affairs. There was an order to show cause returnable January 17th, 1938, advised by Vice-Chancellor Lewis, who had controlled the proceedings from the outset. So far as appears by the printed book, no order was made on that day although presumably the vice-chancellor was in attendance; and the official stenographer reports that no testimony was taken. On March 16th the vice-chancellor advised an order substituting the new commissioner of banking and insurance in place of Mr. Withers, whose term had expired. This was the last order made by Vice-Chancellor Lewis, who thereafter was taken ill, and was still incapacitated on March 29th, when the order under appeal was advised by Vice-Chancellor Kays.
In October, 1936, about the time of the amended petition by the commissioner mentioned above, a committee of bondholders was formed, and a petition by that committee, sworn to on December 22d, appears in the printed book. It proposes the incorporation of a company to take over the assets and settle with creditors in substitution for a closing out by the commissioner. We assume that it was filed, though it is *Page 240 
not so stated. We find no order to show cause thereon, no testimony or order to take testimony, although in the order of March 29th under appeal it is recited that an order to show cause was made and served on all parties in interest. However, as no objection to the state of the case has been made under the rules, and no move has been made by respondents to supply any missing matter, we must assume for present purposes that the case is complete, and deal with it accordingly. What is before us is a decree, to all intents and purposes final in character, as it disposes of the property and assets of the insolvent corporation by directing the commissioner to transfer them to the bondholders' new corporation; and this, so far as we can ascertain from the book before us, without any proofs except the general affidavit to the petition of the "bondholders' committee" by two affiants as president and secretary, that they have read the petition "and that the matters and things therein contained are true to the best of their knowledge, information and belief." We think that it was erroneous to dispose of the matter so summarily. As to the ascertainment of facts, the reasoning of our decision in Metropolitan Lumber Co. v. Fordham National Bank,104 N.J. Eq. 248, seems applicable, by analogy if not directly. In addition to fact questions, important constitutional questions are involved, which seem to merit mature consideration by the court of first instance; and no opinion of that court is laid before us, as required by the constitution.
In view of the circumstances we are of opinion that the order or decree brought up by this appeal was improvidently made, and should be reversed, and the cause remanded to the court of chancery to proceed to try out the matters of fact and dispose in due course of the matters of law involved, and proceed to further decree therein according to law.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15. *Page 241